UNITED STATES of America, Acting Through the SMALL BUSINESS ADMINISTRATION, Plaintiff/Appellant,

v.

Harold RINEHART and Marilyn Rinehart, Defendants/Appellees.

No. CIV. 88–3024.

United States District Court, D. South Dakota, C.D.

Aug. 10, 1988.

Jon Haverly, Sioux Falls, S.D., for plaintiff/appellant.

James P. Hurley, Rapid City, S.D., and Jonathan K. Van Patten, Vermillion, S.D., for defendants/appellees.

## MEMORANDUM OPINION

DONALD J. PORTER, Chief Judge.

This appeal from the United States Bankruptcy Court, District of South Dakota, raises the question of whether the appellant, the United States of America acting through the Small Business Administration (SBA), violated the automatic stay provision of 11 U.S.C. § 362(a) by retaining a check payable to the appellees, Harold Rinehart and Marilyn Rinehart, to preserve a right to offset under 11 U.S.C. § 553. Because the finding of the Bankruptcy Court that the SBA attempted to effect an offset or setoff in violation of the automatic stay is not clearly erroneous, the judgment of the Bankruptcy Court is affirmed. However, because the Bankruptcy Court erroneously applied the law to hold that the SBA did not stand in the same capacity as the Agricultural Stabilization and Conservation Service—Commodity Credit Corporation (ASCS–CCC) to assert a right of setoff

under section 553, the Court disagrees with that portion of the Bankruptcy Court's opinion.

The Court has jurisdiction over this appeal under 28 U.S.C. § 1334(a). The standard of review is set forth in Rule 8013 of the Bankruptcy Rules. Rule 8013 provides that findings of the Bankruptcy court shall not be set aside unless they are clearly erroneous. *Hanson v. First Bank,* 828 F.2d 1310, 1312 (8th Cir.1987); Bankr.R. 8013. Conclusions of law must be overturned if they are erroneous. Bankr.R. 8013.

## FACTS

The facts of the case giving rise to this appeal are set out with particularity in the opinion of the Bankruptcy Court. *See In re Rinehart,* 76 B.R. 746, 747–48 (Bankr.D. S.D.1987). The facts relevant to the appeal are as follows. On April 1, 1987, the ASCS–CCC issued a check representing farm program payments to Harold Rinehart and Marilyn Rinehart, chapter 11 debtors. Pursuant to previously received Department of Agriculture approval, the check was sent to the SBA who sought to setoff the amount of the ASCS–CCC check against the amount the Rineharts owed the SBA. The SBA received the ASCS–CCC check on April 6, 1987. When the Rineharts did not receive their ASCS–CCC check, they initiated an order to show cause proceeding in bankruptcy to effect a turnover of the payment. Only after initiating this proceeding did the Rineharts learn that the check was in the hands of the SBA. On May 15, 1987, over one month after receiving the Rinehart check, the SBA filed a motion for relief from the automatic stay to offset the ASCS–CCC payment. The SBA retained possession of the check until the hearing on the debtors' motion to show cause.

## II. DISCUSSION

■ The Bankruptcy Court began its analysis of the issues raised in the motion to show cause hearing with a discussion of whether the SBA had a right to setoff against the ASCS–CCC payment. Central

to resolution of this issue is the issue of whether the SBA stood in the same capacity as the ASCS–CCC to satisfy the mutuality requirement for offset under 11 U.S.C. § 553. Section 553 provides that a creditor may offset or setoff a "mutual debt" owing the debtor by the creditor. Mutuality requires that " 'the debts must be in the same right and between the same parties standing in the same capacity.' " 76 B.R. at 750 (quoting 4 Collier on Bankruptcy ¶ 553.04[2], at 553–18 (15th ed. 1987)). In considering whether the SBA had a right to a section 553 offset against the ASCS–CCC check payable to the debtors, the Bankruptcy Court held that the SBA and the ASCS–CCC did not stand in the same position for purposes of a section 553 offset. This Court disagrees.

After noting that the Debt Collection Act, 31 U.S.C. § 3701 et seq., 13 C.F.R. § 140.5, and 7 C.F.R. § 13.6 expressly provide that the SBA as a federal agency may effect an administrative offset against other federal agencies, the Bankruptcy Court nevertheless reaches the following conclusion:

> Unlike the ASCS and CCC, which are both within the Department of Agriculture, the SBA is an agency that is directly responsible to the President and independent of all other federal agencies. Moreover, they are in different departments, they are managed and supervised by different secretaries and administrators, their budgets are separate and in no way related to one another (payment to the debtors under the farm program will have no effect on the budget or budgeting of SBA), and, finally, they are agencies which provide completely different services. Although both agencies are admittedly part of the government, the SBA has not established that they are 'in the same capacity' for Section 553 purposes, but simply insists they are. *Id.* at 754 (footnote omitted).

The Court is not persuaded by this reasoning.

No federal district court has decided whether the SBA and the ASCS–CCC stand in mutual capacity to effect an offset under

11 U.S.C. § 553. At least four other bankruptcy courts have recently decided whether mutuality exists between federal agencies to allow a section 553 offset. *See In re Mehrhoff,* 88 B.R. 922 (Bankr.S.D.Ia. 1988); *In re Britton,* 83 B.R. 914 (Bankr.S. D.N.C.1988); *In re Hazelton,* 85 B.R. 400 (Bankr.E.D.Mich.1988); *In re Thomas,* 84 B.R. 438 (Bankr.N.D.Tex.1988). Three of these courts have declined to follow *In re Rinehart. See In re Britton,* 83 B.R. 914, 919 (Bankr.E.D.N.C.1988); *In re Hazelton,* 85 B.R. 400, 404 (Bankr.E.D.Mich.1988); *In re Thomas,* 84 B.R. 438, 440 (Bankr.N.D. Tex.1988). This Court is in agreement with the opinion of the United States Bankruptcy Court for the Northern District of Texas in *In re Thomas. Id.* In deciding whether the FmHA, SBA, and CCC could offset disaster payments in that opinion, the court refused to interpret the government's long-recognized right of setoff differently in bankruptcy. *See* 84 B.R. at 439–40. This Court agrees that in deciding whether federal agencies stand in the same capacity for section 553 offsets, there is no authority for distinguishing between the capacity of parties in relation to each other outside of bankruptcy and that capacity following the filing of a bankruptcy petition.

Section 553 of the Bankruptcy Code recognizes setoff rights existing prior to a bankruptcy filing. 11 U.S.C. § 553; *see also In re Britton,* 83 B.R. at 917–18. The common law has long-recognized the right of the United States to setoff amounts it is obligated to pay from amounts it is entitled to receive. *See Cherry Cotton Mills v. United States,* 327 U.S. 536, 539, 66 S.Ct. 729, 730, 90 L.Ed. 835 (1946); *Gratiot v. United States,* 40 U.S. 336, 369 (1841). In *Cherry Cotton Mills v. United States,* the Supreme Court upheld a setoff by the General Accounting Office for a debt owed the Reconstruction Finance Corporation (RFC) against a tax refund payable by the Department of the Treasury. 327 U.S. at 537. In reaching this result, the Court upheld a decision of the Court of Claims that the RFC was " 'part of the Government,' " although the issue of mutuality for setoff purposes was not addressed expressly.

327 U.S. at 538, 66 S.Ct. at 729–30. The government's inherent right of setoff has also been recognized by the federal courts. *See, e.g., United States v. Tafoya,* 803 F.2d 140, 141–42 (5th Cir.1986) and cases cited therein.

Recently, the United States Bankruptcy Court for the Southern District of Iowa has held that the SBA and the ASCS–CCC do not stand in mutual capacity to effect an offset under 11 U.S.C. § 553. *See In re Mehrhoff.* After reviewing the Secretary of the Department of Agriculture's regulations governing setoffs, the *Mehrhoff* court concludes:

> Clearly, a review of the very detailed regulations set out above mandates finding that the ASCS–CCC as the entity owing a debt to the debtor is never in the same capacity as the governmental agency to whom the debtor owes a debt, except when the ASCS–CCC is in fact one of the debtor's creditors. . . .

This Court disagrees.

Section 13.4(f) of Title 7 of the *Code of Federal Regulations* provides:

> Setoff shall be made and appropriate notification thereof forwarded to the debtor in all cases (but in none other) where:
>
> .     .     .     .     .
>
> (f) A person is otherwise indebted to any agency of the United States and the Administrator, ASCS, or his designee, has specifically authorized setoff. 7 C.F.R. § 13.4(f) (1988).

An "agency of the United States" is defined by 7 C.F.R. § 13.2(b) as "any department, establishment, commission, administration, authority, board, bureau, or service of the United States, or any corporation all of the capital stock of which is owned by the United States." 7 C.F.R. § 13.2(b) (1988). This definition clearly encompasses the Small Business Administration.

Regulations governing debt collection by administrative offset by the SBA provide in relevant part:

> SBA may, after attempting to collect a claim from a person under normal SBA collection procedures, collect the claim by means of administrative offset. 13 C.F.R. § 140.5(a) (1988).

Section 140.5(a) of Title 13 of the *Code of Federal Regulations* and 7 C.F.R. § 13.2(b) authorize the SBA to offset against sums owed by the ASCS–CCC. This authority is not automatic, however. As the court in *Mehrhoff* correctly states, the SBA must comply with the requirement of 13 C.F.R. § 140.5(a) and 7 C.F.R. 13.6(b). 1988 Bankr. 1037[17]. These regulations provide that the SBA must first make "reasonable efforts through other administrative means available to it to collect the indebtedness" before seeking an administrative offset against sums owing from another agency. 7 C.F.R. § 13.6(b) (1988). In addition, the SBA must follow procedures to notify the debtor of the offset. *See* 13 C.F.R. § 140.5(b).

■ Interagency setoff rights in bankruptcy are limited by 7 C.F.R. § 13.5(c). Section 13.5(c) provides that setoff is not allowed: "Where collection of a debt has been barred by a discharge in bankruptcy and the debtor has not expressed a desire to make payment." 7 C.F.R. § 13.5(c) (1988). In addition, setoff rights are stayed by 11 U.S.C. § 362(a)(7). Section 362(a)(7) of the Bankruptcy Code operates to stay "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor." 11 U.S.C. § 362(a)(7). Section 3716(c)(2) of Title 31 of the *United States Code* governing administrative offsets by the United States operates to prevent offsets by federal agencies in bankruptcy due to the effect of section 362(a)(7). This provision reads: "This section does not apply—when a statute explicitly provides for or prohibits using administrative offset to collect the claim or type of claim involved." 31 U.S.C. § 3716(c)(2) (1982). The *Mehrhoff* court interpreted these provisions to disallow administrative offsets in bankruptcy until after discharge. 1988 Bankr. 1037 [19–20]. However, this interpretation fails to properly take into account the authority of the bankruptcy court to grant relief from the automatic stay. This Court holds that 31 U.S.C.

§ 3716(c)(2) is inapplicable once a creditor obtains relief from the automatic stay.

■ In holding that the SBA and the ASCS–CCC stand in the same capacity and therefore that the SBA may offset ASCS–CCC payments, the Court is mindful of the role ASCS–CCC farm program payments play in farm reorganizations. Under section 553, setoff is not mandatory. The bankruptcy court must exercise its equitable discretion in deciding whether to grant creditors' motions for relief from the automatic stay to effect administrative offsets under section 553. *See In re Southern Industrial Banking Corp.,* 809 F.2d 329, 332 (6th Cir.1987) (citing *United States v. Norton,* 717 F.2d 767, 772 (3rd Cir.1983)); *see also Bohack Corp. v. Borden, Inc.,* 599 F.2d 1160, 1165 (2nd Cir. 1979) (decided under § 68 of the Bankruptcy Act). This discretion includes the authority to deny a creditor a right to setoff when one creditor would be unfairly favored over another. *See In re Southern Industrial Banking Corp.,* 809 F.2d at 332. Setoffs may also be disallowed when their effects would be inconsistent with the bankruptcy Act. *See Bohack Corp.,* 599 F.2d at 1165; *see also In re Mehrhoff, In re Hazelton,* 85 B.R. at 405. The United States Bankruptcy Court for the Eastern District of Michigan has held that the FmHA's right of setoff against the ASCS–CCC may be denied in bankruptcy "because allowing the setoff is inconsistent with the purposes of chapter 12 and the rehabilitation of American farmers." *In re Hazelton,* 85 B.R. at 405. Because this Court agrees with the decision of the Bankruptcy Court that the actions of the SBA violated the automatic stay, the Court need not decide whether a section 553 offset would have been permissible under the facts of this case.

■ Although the Bankruptcy Court erred in holding that the SBA lacked mutuality with the ASCS–CCC to assert a right of offset, the Court correctly concluded that "an attempted setoff, without obtaining relief from the automatic stay, constitutes a violation of Bankruptcy Code Section 362(a)(7)." 76 B.R. at 755; *see also In* *re Hazelton,* 85 B.R. at 403, 405–06. Because the findings of the Bankruptcy Court that the actions of the SBA constituted an attempt to effect a setoff are not clearly erroneous, the Court affirms the decision of the Bankruptcy Court that the SBA violated the automatic stay. Even assuming that a setoff had not been attempted, the inaction of the SBA in holding on to the ASCS–CCC check without notifying the debtors of its whereabouts or initiating an action for relief from the automatic stay violates 11 U.S.C. § 362(a)(3). This provisions stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

■ The appellant's final issue on appeal is whether the Bankruptcy Court erred in holding that the SBA willfully violated the automatic stay entitling the debtors to recover actual and punitive damages. The SBA relies on *United States v. Norton,* 717 F.2d 767 (1983), and *United States v. Wall,* 60 B.R. 512 (Bankr.W.D.Ky.1986), for the proposition that awarding of attorney fees and punitive damages is unjustified because the law is unclear as to whether holding the farm program payment for offset purposes would violate the automatic stay. In those opinions, orders that contempt citations be issued were reversed because the issues being litigated were unsettled. *See* 717 F.2d at 774–75; 60 B.R. at 516. However, those cases were decided under the rule that a party may not be held in contempt without fair warning. *Id.* This principle is not dispositive in cases such as this one in which a party is found to have willfully violated the automatic stay triggering a damage award under 11 U.S.C. § 362(h). At least one other bankruptcy court has allowed debtors to recover damages under section 362(h) when CCC program payments are retained by a federal agency prior to filing a motion for relief from the automatic stay. *See In re Hazelton,* 85 B.R. at 406. As the Bankruptcy Court's finding that the SBA willfully violated the automatic stay is not clearly erroneous, the Court affirms the order of the Bankruptcy Court permitting recovery of

damages against the SBA under 11 U.S.C. § 362(h).

For all the reasons set forth above, the judgment of the Bankruptcy Court is affirmed.