In the Matter of Ronald W. MEH-RHOFF, Vanita C. Mehrhoff, Engaged in Farming, Debtors.

Bankruptcy No. 87–1150–C J.

United States Bankruptcy Court, S.D. Iowa.

Aug. 8, 1989.

Anita L. Shodeen, Des Moines, Iowa, for debtors.

Kevin R. Query, Asst. U.S. Atty., Des Moines, Iowa, for SBA.

Donald F. Neiman, Des Moines, Iowa, Chapter 7 Trustee.

## DECISION PURSUANT TO REMAND IN CIVIL No. 88–1488–A

LEE M. JACKWIG, Chief Judge.

### I. Introduction

On March 21, 1989 the Honorable Charles R. Wolle, U.S. District Court Judge for the Southern District of Iowa, reversed the undersigned's decision denying the motion of the Small Business Administration (SBA) for relief from the automatic stay. In *Matter of Mehrhoff,* 88 B.R. 922, 934 (Bankr.S.D.Iowa 1988), the controlling conclusion of law was "that the SBA may not set off the debt of the ASCS–CCC against its claim because no mutual capacity exists between the SBA and the ASCS–CCC". The district court concluded the opposite but remanded the case for further proceedings to determine "whether there is a compelling equitable reason for denying the government's exercise of its setoff right and for denying the request for release of the automatic stay". *U.S.A. v. Mehrhoff,* No. 88–1488–A, slip op. at 3 (S.D.Iowa March 21, 1989).

A hearing on the remanded issue was conducted on June 8, 1989.[1] Anita L. Sho-

---

1. This matter was heard in conjunction with the remanded issue in *Matter of Butz,* 86 B.R. 595 (Bankr.S.D.Iowa 1988), rev'd (capacity finding) and remanded (for further findings on the equity of offset) *sub nom. U.S.A. v. Butz,* No. 86–366–A (S.D. Iowa March 21, 1989).

deen appeared on behalf of the debtors. August B. Landis appeared on behalf of the Chapter 7 trustee, Donald F. Neiman. Kevin R. Query, Assistant U.S. Attorney, appeared on behalf of the SBA. Counsel for the SBA submitted a post-hearing memorandum on June 22, 1989.

## II. Background

The factual background is set out in detail in *Matter of Mehrhoff*, 88 B.R. 922, 923–24 (Bankr.S.D.Iowa 1988). For the purpose of addressing the issue on remand, the following facts are highlighted:

1. The debtors borrowed $11,500.00 from the SBA on March 1, 1978.

2. The debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 29, 1987.

3. The SBA filed its motion for relief from stay to pursue an offset against certain ASCS–CCC program payments on June 15, 1987. The next day the SBA filed a proof of claim in which it claimed that the debtor owed it $4,040.47, that the amount was fully secured and that the claim was not subject to setoff. On August 4, 1987 the SBA corrected the inconsistency by amending its proof of claim to include a right of setoff against 1986 and 1987 program payments.

4. The court granted the debtors a Chapter 7 discharge on August 10, 1987.

5. The program payments in issue are those which the trustee has not abandoned from the bankruptcy estate.

6. Both the Chapter 7 trustee and the debtors challenged the SBA's motion for relief from stay on the ground that there was no mutuality of obligation and that the applicable federal regulations did not permit a setoff under the facts of the case. In the alternative, the trustee argued that what was an executory contract between the debtors and the government had not been assumed pursuant to 11 U.S.C. section 365.[2]

---

2. The remand does not appear to extend to the executory contract issues raised at the time of the original hearing before the bankruptcy

## III. Discussion

In the ruling on appeal, the district court points out that the undersigned relied in part on *In re Rinehart*, 76 B.R. 746 (Bankr.D.S.D.1987) in reaching the lack of mutual capacity finding. The district court found the reasoning of the U.S District Court for South Dakota in *U.S. Through Small Business Admin. v. Rinehart*, 88 B.R. 1014 (D.S.D.1988), which reached the opposite conclusion, more persuasive.

In the *Rinehart* case, the SBA obtained approval from the ASCS–CCC to offset amounts the ASCS–CCC owed the SBA borrower against its claim before the borrower filed a petition seeking to reorganize under Chapter 11 of the Bankruptcy Code. After the commencement of the case, the ASCS–CCC offset the amount before the SBA sought relief from the stay to effect the previously approved offset. The bankruptcy court found that the SBA was not entitled to relief from the automatic stay based on lack of mutual capacity with the ASCS–CCC, that policy reasons dictated against permitting setoff in reorganization cases and that the SBA was subject to sanctions for continuing its collection process after the petition was filed and before obtaining relief from the automatic stay. *Rinehart*, 76 B.R. at 746.

Although the district court in *Rinehart* disagreed with the bankruptcy court's conclusion of law that the two government agencies did not stand in the same capacity for purposes of setoff under the Bankruptcy Code, it affirmed the lower court's finding with respect to the SBA's violation of the automatic stay and allowed the order permitting recovery of damages against the SBA to stand. *Rinehart*, 88 B.R. at 1016–18. Since it did affirm the ultimate result, the district court found it unnecessary to assess whether the facts before it would have permitted a section 553 setoff. *Id.* at 1018–19. However, the district court did set forth dicta bearing on the issue under consideration:

court. *Matter of Mehrhoff*, 88 B.R. 922, 934 n. 15.

Under section 553, setoff is not mandatory. The bankruptcy court must exercise its equitable discretion in deciding whether to grant creditors' motions for relief from the automatic stay to effect administrative offsets under section 553. *See In re Southern Industrial Banking Corp.*, 809 F.2d 329, 332 (6th Cir.1987) (citing *United States v. Norton*, 717 F.2d 767, 772 (3rd Cir.1983)); *see also Bohack Corp. v. Borden, Inc.*, 599 F.2d 1160, 1165 (2nd Cir.1979) (decided under § 68 of the Bankruptcy Act). This discretion includes the authority to deny a creditor a right to setoff when one creditor would be unfairly favored over another. *See In re Southern Industrial Banking Corp.*, 809 F.2d at 332. Setoffs may also be disallowed when their effects would be inconsistent with the bankruptcy Act. *See Bohack Corp.*, 599 F.2d at 1165; *see also In re Mehrhoff, In re Hazelton*, 85 B.R. [400] at 405 [Bankr.E.D.Mich.1988]. The United States Bankruptcy Court for the Eastern District of Michigan has held that the FmHA's right of setoff against the ASCS–CCC may be denied in bankruptcy "because allowing the setoff is inconsistent with the purposes of chapter 12 and the rehabilitation of American farmers". *In re Hazelton*, 85 B.R. at 405.

*Id.* at 1018.

As is suggested by the reference to this court's *Mehrhoff* decision in the above quoted passage, the setoff in this Chapter 7 case may be disallowed because it is inconsistent with the Bankruptcy Code. The undersigned respectfully directs the district court's attention to the Chapter 7 policy concerns set forth in Part IV of her previous decision. *Mehrhoff*, 88 B.R. at 932–34. Rather than repeat that analysis, this opinion incorporates the Chapter 7 policy considerations by reference and specifically designates them as compelling reasons to deny the requests of government agencies to initiate administrative setoff procedures after a Chapter 7 petition in bankruptcy has been filed.

■ Turning to the particular facts of this Chapter 7 case, the record indicates that the SBA did not obtain approval from the ASCS–CCC to offset amounts the ASCS–CCC owed the Mehrhoffs against its claim before the Mehrhoffs filed their Chapter 7 petition. Indeed, the SBA did not specifically claim a right to offset until more than three months had passed since the straight liquidation case was commenced. The general discharge was entered less than a week later. The debtors did not file a reaffirmation agreement regarding the SBA debt. Hence, pursuant to 7 C.F.R. section 13.5(c), the administrative setoff seemingly would not be permitted because the debt has been discharged and the debtors have not indicated a desire to pay the discharged debt. *Mehrhoff*, 88 B.R. at 927, 929 and 933.

To allow the SBA relief from the stay to initiate administrative offset procedures would require the trustee, through his attorney, to attempt to intervene in the administrative process in order to protect the payments which are still property of the estate. The trustee could raise 7 C.F.R. section 13.5(c) for the reasons just discussed and possibly 13 C.F.R. section 140.-5(a) which prohibits the SBA from collecting claims that have been outstanding more than ten years. *Id.* at 926. Not only would permission to pursue the administrative channels further delay what otherwise should have been a relatively brief liquidation proceeding, it would generate an additional administrative expense against the estate. That is, the trustee's attorney fees must be paid before any dividends are made to the general unsecured creditors. 11 U.S.C. § 507(a)(1). Allowing the estate to be dissipated for what appears to be an exercise in futility would be inequitable to the general unsecured creditors.

■ Parenthetically, it should be noted that the SBA can not otherwise claim the setoff amount as part of its allowed secured claim. *Mehrhoff* 88 B.R. at 933. 11 U.S.C. section 506(a) provides in part that "[a]n allowed claim of a creditor ... that is subject to setoff under section 533 of this title, is a secured claim ... to the extent of the amount subject to setoff ...". Unlike a reorganization case, the value of an al-

lowed secured claim in a Chapter 7 case is determined as of the petition date. The SBA had not obtained approval from the ASCS–CCC to offset the program payments against its claim before the bankruptcy petition was filed. Unlike the *Rinehart* case, the SBA did not need relief from the stay merely to effect a previously approved administrative offset. *Cf. U.S.A. v. Ketelsen,* 880 F.2d 998 (8th Cir.1989) (FmHA requested offset of IRS refund before bankruptcy petition was filed).

## IV. Conclusion

WHEREFORE, the court finds that compelling reasons, as identified in the foregoing discussion, exist to deny the SBA the right to pursue an administrative offset.

### ORDER

THEREFORE, the SBA's motion for relief from the automatic stay is denied.