**In re The JULIEN COMPANY, Debtor.**

**Bankruptcy No. 90–20283–B (jnn).**

United States Bankruptcy Court,
W.D. Tennessee, W.D.

July 20, 1990.

J. David Blaylock, Lauren L. Holloway, Memphis, Tenn., for Jack F. Marlow, Trustee.

William W. Siler, Asst. U.S. Atty., Memphis, Tenn.

## MEMORANDUM OPINION AND ORDER ON MOTION OF COMMODITY CREDIT CORPORATION FOR RELIEF FROM STAY TO PERMIT SETOFF

WILLIAM H. BROWN, Bankruptcy Judge.

The Commodity Credit Corporation, ("CCC") filed a motion seeking relief from the automatic stay in order to permit CCC to setoff a debt owed to the debtor by CCC against a debt owed by the debtor to the United States Department of Agriculture.

It is stipulated that the debtor owes a prepetition debt to the Agricultural Marketing Service ("AMS"), a division of the United States Department of Agriculture.[1] This debt arose from cotton classing services performed for the debtor. It is alleged in CCC's motion that the debtor owes CCC a prepetition debt of $7,641.65 for underpayment of redemption for cotton pledged to secure CCC loans. It is further stipulated that CCC owes the debtor a prepetition debt arising from overpayment of redemption for some cotton.[2]

### ISSUE

The only issue is whether the prepetition debts are mutual debts so as to satisfy the requirements of 11 U.S.C. § 553(a) which provides:

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that

arose before the commencement of the case, ...

The United States asserts "that the debts are mutual for purposes of setoff under 11 U.S.C. § 553 notwithstanding the fact that the United States acted through two federal agencies." (Memorandum of the United States) On the other hand, the debtor asserts that mutuality requires the same parties and that mutuality in this case does not exist as to AMS.

The issue was submitted to the Court on the stipulations and argument as a matter of law.

### FINDINGS AND CONCLUSIONS

CCC is a government corporation created under the United States Department of Agriculture for the purposes of carrying out agricultural programs designed to aid agriculture through market and price stabilization. The CCC is an agency of the United States. 15 U.S.C. § 714.

The Agricultural Marketing Service is a cotton division of the United States Department of Agriculture. 7 U.S.C. §§ 54–55.

■ Clearly, the two government agencies are not the same. However, there appears to be an exception to the mutuality requirement when the federal government is involved. In reversing the Bankruptcy Court, the District Court in *U.S. v. Rinehart*, 88 B.R. 1014, 1016 (D.S.D.1988), *aff'd in part* and *rev'd in part, SBA v. Rinehart*, 887 F.2d 165 (8th Cir.1989),[3] concluded "that in deciding whether federal agencies stand in the same capacity for section 553 offsets, there is no authority for distinguishing between the capacity of parties in relation to each other outside of bankruptcy and that capacity following the filing of a bankruptcy petition." *See also In re Thomas*, 84 B.R. 438, 440 (Bankr.N.D.Tex. 1988), *aff'd in part, rev'd in part*, 91 B.R. 731 (D.N.D.Tex.1988) (the appeal did not involve the issue of mutuality). Setoff under § 553 "recognizes setoff rights existing

---

1. The amount of this debt is not stipulated but is alleged by the government to be $179,213.50.

2. Again, the amount is not stipulated but is alleged by CCC to be $232,347.14.

3. On appeal to the Eighth Circuit, the issue was SBA's violation of the automatic stay. The reversal was on the awarding of punitive damages.

prior to a bankruptcy filing." *U.S. v. Rinehart,* 88 B.R. at 1016.

As both the *Rinehart* and *Thomas* Courts discussed, "[t]he right of the Federal Government to setoff amounts due to it from amounts which it is obligated to pay has been long recognized." *In re Thomas,* 84 B.R. at 439, *citing, Gratiot v. U.S.,* 40 U.S. (15 Pet.) 336, 10 L.Ed. 759 (1841); *see also U.S. v. Rinehart,* 88 B.R. at 1016, *citing Gratiot* and *Cherry Cotton Mills v. U.S.,* 327 U.S. 536, 539, 66 S.Ct. 729, 730, 90 L.Ed. 835 (1946). These authorities recognize that each federal entity is a "part of the Government." *Cherry Cotton Mills v. U.S.,* 327 U.S. at 538, 66 S.Ct. at 729–730. *See also S.B.A. v. McClellan,* 364 U.S. 446, 450, 81 S.Ct. 191, 194, 5 L.Ed.2d 200 (1960). Further, the *Rinehart* Court pointed to Section 13.4(f) of Title 7 of the Code of Federal Regulations which provides for setoff by CCC and ASCS:

Setoff shall be made and appropriate notification thereof forwarded to the debtor ... where:

(f) a person is otherwise indebted to any agency of the United States and the Administrator, ASCS, or his designee, has specifically authorized setoff.

88 B.R. at 1017.

At least as to the cotton producer, CCC has, in its regulations, authorized setoff against debt "to any other agency of the United States." 7 C.F.R. § 1427.17(b) Agency of the United States is defined at 7 C.F.R. § 13.2(b) to be "any department, establishment, commission, administration, authority, board, bureau, or service of the United States, or any corporation all of the capital stock of which is owned by the United States." *U.S. v. Rinehart,* 88 B.R. at 1017, quoting 7 C.F.R. § 13.2(b).

As the *Thomas* Court observed, "the purposes of the Bankruptcy Code would [not] be fostered by allowing a debtor to improve his position vis a vis [a government agency] merely by filing a bankruptcy petition." 84 B.R. at 440. This Court therefore agrees with the *Thomas* Bankruptcy Court and the *Rinehart* District Court that, notwithstanding the two different government agencies, the necessary

mutuality for setoff is present in the sense that both agencies are a part of the federal government. *See also,* for similar results, *In re Britton,* 83 B.R. 914, 919 (Bankr.E.D. N.C.1988) (CCC and Farmers Home Administration); *In re Hazelton,* 85 B.R. 400, 404 (Bankr.E.D.Mich.1988) (CCC and Farmers Home Administration), *rev'd* on other grounds, 96 B.R. 111 (E.D.Mich.1988); *In re Mehrhoff,* unpublished opinion, (D.S.D. Iowa, March 21, 1989) (reversing bankruptcy court's finding of no mutuality between SBA and ASCS at 88 B.R. 922).

## EFFECT OF STAY

■ A conclusion that there is mutuality requisite for setoff leaves unanswered whether the automatic stay should be modified so as to permit the setoff. Setoff is stayed by 11 U.S.C. § 362(a)(7). As the *Rinehart* District Court observed, "setoff is not mandatory. The bankruptcy court must exercise its equitable discretion in deciding whether to grant creditors' motions for relief from the automatic stay to effect administrative offsets under section 553." 88 B.R. at 1018 (citations omitted.)

Here, CCC has moved for relief from the stay to effect a setoff which will yield the estate a net return from CCC of approximately $45,000.00. At the same time, the government's prepetition claims against the debtor will be satisfied. There is no showing that CCC or AMS will be "unfairly favored over another" creditor. *U.S. v. Rinehart,* 88 B.R. at 1018, *citing In re Southern Industrial Banking Corp.,* 809 F.2d 329, 332 (6th Cir.1987).

This Court currently has before it an adversary proceeding involving the debtor's efforts to redeem cotton pledged to secure CCC loans. A separate opinion will be written after the conclusion of that trial on July 26, 1990. However, the Court has temporarily permitted the Trustee, pending a final decision, to redeem and sell cotton, notwithstanding the expiration of some of the redemptive time periods. Under a totality of circumstances, the Court finds that it would be inequitable to also deny CCC's requested relief from the stay to effect the setoffs. Further, no adequate

protection has been offered to protect CCC and AMS, and the administration of this complicated estate will be eased by the satisfaction of at least a portion of the prepetition claims.

THE COURT THEREFORE CONCLUDES AND IT IS ORDERED:

1. CCC and AMS have mutuality with the debtor for purposes of § 553(a).

2. Cause exists to grant CCC's requested relief from the automatic stay under § 362(d)(1).

3. CCC may effect its offset on behalf of CCC and AMS against the prepetition debt owed by CCC to the debtor and may then pay the net amount to the Trustee. If the parties are unable to agree upon the amounts at issue, either party may move the Court for necessary relief.

SO ORDERED.