ON REHEARING EN BANC
PAUL KELLY, Jr., Circuit Judge.
The Small Business Administration appeals from the entry of summary judgment in favor of Debtors Curtis Lawayne Turner and Rita Gail Turner. The bankruptcy court granted summary judgment in favor of the Debtors in an adversary proceeding, ruling that the United States’ setoff of payments owed by the Agricultural Stabilization and Conservation Service (“ASCS”) to the Turners against the Turners’ delinquent debt to the Small Business Administration (“SBA”) was avoidable. The district court affirmed, as did a panel of this court, albeit on different grounds. Turner v. Small Business Admin., 59 F.3d 1041 (10th Cir.1995). We voted to grant rehearing en banc thereby vacating the panel judgment. 10th Cir.R. 35.6. We now withdraw the panel’s opinion and remand to the panel for further consideration.

Background

The facts of this case are not in dispute. In 1979 and 1981, the Debtors received two loans from the SBA totaling approximately $200,000.00. By August 7,1991, the Debtors had become delinquent in their payments, and the SBA declared the Debtors in default and accelerated the amounts due under the loans.
Subsequently, on March 4, 1992, the Debtors entered into four contracts with the ASCS to receive payments from the United States Department of Agriculture as part of the 1992 Price Support and Production Adjustment Programs. After the Debtors received initial payments from the ASCS under the contracts, the SBA notified the Turners that it would request administrative offset of any further payments against their delinquent SBA debt. A hearing was held and the SBA Office of Hearings and Appeals declared that the SBA could collect on the *1296 Debtors’ debt through administrative offset. Between December 30,1992 and February 8, 1993, the ASCS directed $24,599.35 to the SBA rather than to the Debtors, which the SBA applied against their indebtedness.
The Debtors filed a Chapter 12 bankruptcy petition on February 10, 1993. Debtors then initiated an adversary proceeding to recover the funds diverted to the SBA. Debtors conceded that the administrative offset was legal and in compliance with the federal regulations, but maintained that the administrative offset occurred within the ninety days before they filed their petition, and therefore was avoidable under either 11 U.S.C. § 553, the setoff provision of the Code, or 11 U.S.C. § -547, the preference provision of the Code. The bankruptcy court, affirmed by the district court, determined that the transaction was indeed a set off under § 553, but one which was avoidable because it occurred within the ninety day prepetition period, § 553(b). The government contends that the bankruptcy court incorrectly applied § 553(b), an argument not addressed by the panel.
The panel determined that § 553 did not apply, reasoning that the transaction at issue was not a “set off’ because the SBA and the ASCS did not satisfy the mutuality requirement of § 553. The panel determined that the transaction was instead a voidable preference under § 547 because the transfer of the funds occurred within 90 days of the filing of the petition. Turner, 59 F.3d at 1046. We granted the Government’s petition for rehearing en banc to decide the narrow issue of whether the United States is a unitary creditor in bankruptcy. We now hold that the United States is a unitary creditor for purposes of bankruptcy.[1] Therefore, the debts owed from the Turners to the SBA and from the ASCS to the Turners are “mutual debts” and may be set off subject to any applicable exceptions in § 553. We remand to the panel for further consideration under § 553.

Discussion

In reviewing the decision of a bankruptcy court, the district court and the court of appeals apply the same standards of review that govern appellate review in other cases. CCF, Inc. v. First Nat’l Bank & Trust Co. (In re Slamans), 69 F.3d 468, 472 (10th Cir.1995). We therefore review de novo the district court’s order affirming the bankruptcy court and the discrete legal issue on which rehearing en banc has been granted. Id.
I.
There cannot be much debate that outside of the bankruptcy context, the United States is treated as a unitary creditor, and agencies of the United States government, including the SBA and ASCS, may set off debts owed by one agency against claims that another agency has against a single debtor. 31 U.S.C. § 3716(a) provides that an agency that has a claim against a person “may collect the claim by administrative offset.” The Supreme Court has explained that “[t]he right of setoff ... allows entities that owe each other money to apply their mutual debts against each other.” Citizens Bank of Maryland v. Strumpf, — U.S. — , — , 116 S.Ct. 286, 289, 133 L.Ed.2d 258 (1995).
Most directly, in Cherry Cotton Mills v. United States, 327 U.S. 536, 66 S.Ct. 729, 90 L.Ed. 835 (1946), the Supreme Court made clear that the United States has a right to effect interagency setoffs. In that case, the Government owed petitioner a tax refund under the Agricultural Adjustment Act, and the petitioner owed the Reconstruction Finance Corporation (“RFC”) the balance on a loan. The Treasury paid the overage directly to the RFC to reduce the petitioner’s indebtedness. While the immediate issue decided in Cherry Cotton Mills dealt with the jurisdictional power of the Court of Claims, the Court’s language clearly indicates that *1297 agencies of the United States government are deemed a unitary creditor:
We have no doubt that the set-off ... jurisdiction of the Court of Claims was intended to permit the Government to have adjudicated in one suit all controversies between it and those granted permission to sue it, whether the Government’s interest had been entrusted to its agencies of one kind or another.
Id. at 539, 66 S.Ct. at 730. The Court explained further that the right to setoff “applies with equal force” to all agencies, including an agency such as the RFC, notwithstanding the fact that Congress chose to call it a “corporation.” Id.
An examination of other relevant Supreme Court authority and the appropriate federal regulations reveals that the holding of Cherry Cotton Mills applies equally to the SBA and the ASCS. In Small Business Admin. v. McClellan, 364 U.S. 446, 450, 81 S.Ct. 191, 194-95, 5 L.Ed.2d 200 (1960), the Supreme Court described the SBA as “an integral part of the governmental mechanism ... created to lend the money of the United States.” The Court held that the SBA was therefore “entitled to the priority of the United States in collecting loans made by it out of government funds” under the Bankruptcy Act. Id.; see also 13 C.F.R. § 140.5(a) (“SBA may, after attempting to collect a claim from a person under normal SBA collection procedures, collect the claim by means of administrative offset.”). Similarly, in United States v. Remund, 330 U.S. 539, 542, 67 S.Ct. 891, 892-93, 91 L.Ed. 1082 (1947), the Court held that the Farm Credit Administration, which, like the ASCS, was an agency under the general direction of the Department of Agriculture, was entitled to priority under the Bankruptcy Code. The Court stated that “[a]t no time has the Farm Credit Administration been other than an unincorporated agency of the United States Government.... And the use of a name other than that of the United States cannot change that fact.” Id.; see also 7 C.F.R. § 1403.7(j)(1) (“Debts due any agency other than [ASCS] shall be offset against amounts payable by [ASCS] to a debtor”).
II.
The question, which we now answer in the negative, is whether the United States and its agencies should be treated differently solely due to the fact that a bankruptcy proceeding has been superimposed on the pertinent transaction. We are convinced that the presence or absence of a bankruptcy proceeding does not affect the United States’ status as a unitary creditor.
A.
The language of the Bankruptcy Code makes clear that the term “setoff’ has no special meaning in the bankruptcy context. The Supreme Court recently indicated that “[a]lthough no federal right of setoff is created by the Bankruptcy Code, 11 U.S.C. § 553(a) provides that, with certain exceptions,[2] whatever right of setoff otherwise exists is preserved in bankruptcy.” Strumpf, — U.S. at — , 116 S.Ct. at 289. Section 553(a) specifically states that “this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor.” 11 U.S.C. § 553(a).
Debtors contend that the Bankruptcy Code evinces a clear intent that government agencies must be treated as separate entities for setoff in a bankruptcy proceeding. However, the only specific statutory provision which they cite to support their contention is in the definitional section of the Code. The Bankruptcy Code defines “creditor” as an “entity;” “entity” as including a “governmental unit;” and “governmental unit” as “mean[ing] United States; ... [or] ... department, agency, or instrumentality of the United States....” 11 U.S.C. § 101(10), (15), (27). From this, the Debtors suggest that the set-off rights of a creditor preserved in § 553 apply differently to the United States as a whole than to its particular agencies. It is true that the Bankruptcy Code does recognize a difference between the United States *1298 and an agency of the United States government, but this in no way demonstrates an intent to erode the right of administrative offset that exists outside of bankruptcy. To the contrary, the clear language of § 553 leaves little doubt that such administrative offset rights are preserved, not lost, in bankruptcy. Maintaining the United States’ status as a unitary creditor for purposes of setoff under § 553 both comports with the language of the section and avoids any inconsistencies between the setoff provisions of the Bankruptcy Code and 31 U.S.C. § 3716(a), the statutory grant of the right to collect debts by administrative offset. See Negonsott v. Samuels, 933 F.2d 818, 819 (10th Cir.1991) (“statutes should be construed so that their provisions are harmonious with each other”), aff'd, 507 U.S. 99, 113 S.Ct. 1119, 122 L.Ed.2d 457 (1993).
B.
Existing case law also supports this interpretation. In Luther v. United States, 225 F.2d 495 (10th Cir.1954), a bankruptcy referee in a liquidation proceeding allowed the United States to set off amounts owed by the debtor to the Commodity Credit Corporation against a tax refund owed to the debtor by the IRS. The debtor sought to avoid the setoff, arguing in part that the debts were not mutual. Basing our decision on Cherry Cotton Mills, we held that mutuality was not lacking and that a bankrupt party’s “over-payments of income tax were properly offset against the amount which the bankrupt owed Commodity.” Luther, 225 F.2d at 498. Moreover, in the recent case of Doe v. United States, 58 F.3d 494, 498 (9th Cir.1995), the Ninth Circuit considered a similar argument and cited Luther with approval for the proposition that the United States is a unitary creditor in bankruptcy. The court held that “for purposes of ... setoff under 11 U.S.C. § 106, all agencies of the United States, except those acting in some distinctive private capacity,[3] are a single governmental unit.” Id. The same treatment is appropriate for § 553 setoff as well. The several arguments advaneed by the Debtors in the present case do not persuade us to rule differently than we did in Luther.
Debtors rely upon several bankruptcy cases in support of their contention that there is a lack of mutuality between the SBA and ASCS. Each of these eases, however, was reversed by a district court acting in an appellate capacity. See In re Mehrhoff, 88 B.R. 922 (Bankr.S.D.Iowa 1988), on remand, 104 B.R. 125, 125 (1989) (remand decision after district court concluded there was mutuality between SBA and ASCS); In re Butz, 86 B.R. 595 (Bankr.S.D.Iowa 1988), rev’d, 154 B.R. 541, 544 (S.D.Iowa 1989) (“This court concludes, contrary to the bankruptcy court’s ruling, that federal agencies are not separate legal entities within the meaning of section 553(a).”); In re Rinehart, 76 B.R. 746 (Bankr.D.S.D.1987), aff'd on other grounds, 88 B.R. 1014 (D.S.D.1988), aff'd in part, rev’d in part, 887 F.2d 165 (8th Cir.1989). In Rinehart, the district court made clear on appeal that “in deciding whether federal agencies stand in the same capacity for section 553 offsets, there is no authority for distinguishing between the capacity of parties in relation to each other outside of bankruptcy and that capacity following the filing of a bankruptcy petition.” United States v. Rinehart, 88 B.R. 1014, 1016 (D.S.D.1988). Counsel are reminded that they have a duty to advise the court when authorities upon which they rely have been reversed or overruled. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir.1994).
The more abundant and persuasive authority supports the rule we established in Luther that the United States is a unitary creditor for setoff purposes in bankruptcy. See In re Kalenze, 175 B.R. 35, 37 (Bankr.D.N.D.1994); In re Mohar, 140 B.R. 273, 277 (Bankr.D.Mont.1992); In re Stall, 125 B.R. 754, 757-58 (Bankr.S.D.Ohio 1991); In re Julien Co., 116 B.R. 623, 624-25 (Banikr.W.D.Tenn.1990); In re Evatt, 112 B.R. 405, 412-13 (Bankr.W.D.Okla.1989).
*1299 C.
Debtors also seek to distinguish Luther on the ground that it arose in a straight liquidation rather than Chapter 12 reorganization. However, neither the statutory authority nor the case law supports making such a distinction. Section 553, which clearly preserves existing setoff rights in the context of bankruptcy, applies to both liquidations as well as reorganizations. 11 U.S.C. § 103(a) (“[C]hapters 1, 3, and 5 of this title apply in a case under chapter 7, 11, 12, or 13 of this title.”). This statutory provision simply is inconsistent with the notion that the Bankruptcy Code prohibits an administrative offset in a reorganization case. Cases that attempt such a distinction are unpersuasive. In Rinehart, the bankruptcy court distinguished Luther because, among other reasons, “it arose in a liquidation of assets, and not a reorganization.” Rinehart, 76 B.R. at 751-52. As noted, however, this section of the bankruptcy court’s decision was rejected by the district court on appeal. Rinehart, 88 B.R. at 1016. Moreover, both In re Hancock, 137 B.R. 835 (Bankr.N.D.Okla.1992), and Matter of Butz, 104 B.R. 128 (Bankr.S.D.Iowa 1989), on which the Debtors rely heavily for their liquidation/reorganization distinction, follow the bankruptcy court in Rinehart. Finally, we reject the Debtors’ contention that to allow administrative set-offs in a reorganization is inconsistent with the rehabilitative purpose of the Bankruptcy Code. Because we hold that the United States is a unitary creditor in bankruptcy, it, like any other single creditor, should be entitled to offset any mutual debts it has involving multiple agencies in accordance with § 553. Because the panel did not reach the arguments of the parties advanced with respect to § 553, we remand the balance of these appeals to the panel.
REMANDED.

. Counsel for the government suggested at oral argument that certain government agencies, such as the Federal Deposit Insurance Company when acting in its private receivership capacity and the Pension Benefit Guaranty Corporation, which perform distinctive private functions, should be deemed separate entities for purposes of set off under § 553. Because no such agency is involved in this case, we accordingly decline to address whether there are any such agencies that might be subject to a different set off rule.

. The parties do not contest the fact that none of the exceptions to the general rule of § 553(a) applies in this case.

. As an example of this “distinctive private capacity,” the court explains that “certain federal agencies such as the Federal Deposit Insurance Corporation are viewed as separate governmental units when they act in their private receivership capacity.” Doe, 58 F.3d at 498. Neither the SBA nor the ASCS is an agency of this sort.