## CHERRY COTTON MILLS, INC. *v.* UNITED STATES.

No. 187. Argued December 14, 1945.—Decided March 25, 1946.

*Theodore B. Benson* argued the cause and filed a brief for petitioner.

*David L. Kreeger* argued the cause for the United States. With him on the brief were *Solicitor General McGrath, Assistant Attorney General Sonnett* and *John R. Benney.*

MR. JUSTICE BLACK delivered the opinion of the Court.

In 1942 the Government owed the petitioner a $3,104.87 refund of processing and floor taxes paid by the petitioner under the Agricultural Adjustment Act. The petitioner owed the Reconstruction Finance Corporation $5,963.51, balance on a note for borrowed money. The General Accounting Office directed the Treasury not to pay the tax refund to the petitioner, but to issue a check for the refund payable to the R. F. C. "to partially liquidate" petitioner's indebtedness to that governmental agency. As

authorized by 28 U. S. C. 250 (1), the petitioner then brought suit against the Government for the tax refund in the Court of Claims. The Government filed a counterclaim for the $5,963.51, asserting the right to do so under 28 U. S. C. 250 (2), which gives the Court of Claims jurisdiction to hear and determine "All set-offs, counterclaims, . . . or other demands whatsoever on the part of the Government of the United States against any claimant against the Government in said court . . ." The petitioner challenged the jurisdiction of the Court of Claims to hear and determine the counterclaim on these two grounds: (1) the Comptroller exceeded his authority in directing the Treasury to pay the tax refund to the R. F. C. instead of to the petitioner; (2) the R. F. C. should be treated in the same way as a privately owned corporation and when so treated the petitioner's admittedly valid indebtedness to R. F. C. is not a claim "on the part of the Government" entitling it to set up a counterclaim under 28 U. S. C. 250 (2). The Court of Claims, rejecting both these contentions, rendered judgment for the United States and against the petitioner for the amount it owed the R. F. C. less the amount of the tax refund. We granted certiorari.

Little need be said as to the contention concerning the alleged lack of authority of the General Accounting Office to direct the Treasury not to pay the petitioner, since we agree with the Court of Claims that its jurisdiction to hear and determine counterclaims is in no way dependent upon the preliminary intragovernmental steps which precede court action. For this reason the petitioner's argument based on our decision in *Skinner & Eddy Corp.* v. *McCarl*, 275 U. S. 1, where we considered the power of the Comptroller General in relation to wholly different legislation, has no bearing on the power of the Court of Claims under 28 U. S. C. 250 (2).

Nor do we find any justification for giving to 250 (2) the narrow interpretation urged. Its purpose was to permit the Government, when sued in the Court of Claims, to have determined in a single suit all questions which involved mutual obligations between the Government and a claimant against it. Legislation of this kind has long been favored and encouraged because of a belief that it accomplishes among other things such useful purposes as avoidance of "circuity of action, inconvenience, expense, consumption of the courts' time, and injustice." *Chicago & N. W. R. Co.* v. *Lindell,* 281 U. S. 14, 17 and cases cited.

We have no doubt but that the set-off and counterclaim jurisdiction of the Court of Claims was intended to permit the Government to have adjudicated in one suit all controversies between it and those granted permission to sue it, whether the Government's interest had been entrusted to its agencies of one kind or another. Every reason that could have prompted Congress to authorize the Government to plead counterclaims for debts owed to any of its other agencies applies with equal force to debts owed to the R. F. C. Its Directors are appointed by the President and confirmed by the Senate; its activities are all aimed at accomplishing a public purpose; all of its money comes from the Government; its profits, if any, go to the Government; its losses the Government must bear. That the Congress chose to call it a corporation does not alter its characteristics so as to make it something other than what it actually is, an agency selected by Government to accomplish purely governmental purposes. *Inland Waterways Corp.* v. *Young,* 309 U. S. 517, 524. Nor is this congressionally granted power to plead a counterclaim to be reduced because in other situations, and with relation to other statutes, we have applied the doctrine of governmental

immunity or priority rather strictly.[1]   The Government here sought neither immunity nor priority.   Its right to counterclaim rests on different principles, one of which was graphically expressed by the sponsors of the Act of which § 250 (2) is a part: It is "as much the duty of the citizen to pay the Government as it is the duty of the Government to pay the citizen."   58 Cong. Globe 1674, April 15, 1862, 37th Cong., 2d Sess.

*Affirmed.*

MR. JUSTICE JACKSON took no part in the consideration or decision of this case.

---

[1] *Sloan Shipyards Corp.* v. *U. S. Fleet Corp.,* 258 U. S. 549; *Keifer & Keifer* v. *Reconstruction Finance Corp.,* 306 U. S. 381; *Reconstruction Finance Corp.* v. *J. G. Menihan Corp.,* 312 U. S. 81.