In re ADANA MORTGAGE
BANKERS, INC., Debtor.

UNITED STATES of America, Plaintiff,

v.

ADANA MORTGAGE BANKERS,
INC., Defendant.

Bankruptcy No. 80–00324A.
Adv. No. 80–0273A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Aug. 14, 1981.

David Epstein, Kenneth Oestreicher, Attys., Civ. Div., Dept. of Justice, Washington, D.C., for plaintiff.

Carr, Abney, Tabb & Schultz, Benjamin C. Abney, Atlanta, Ga., for defendant.

## ORDER

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

Following hearings, evidence, briefs, and oral indication of the ruling by this Court in the debtor's motion to find the Government National Mortgage Association (hereinafter "GNMA") and several of its agents in contempt of the automatic stay provided by 11 U.S.C. 362(a), this action was first filed on March 17, 1980. Following dismissal for failure to provide service of summons, this adversary proceeding was filed.

Thus, on March 31, 1980, the United States of America brought this action seeking relief from the stay so as to "allow it to exercise its rights to terminate its contracts with Adana and to recover its mortgages and related accounts."

The debtor moved to dismiss for three reasons:

(1) failure to state a claim;

(2) failure to name the real party in interest; and

(3) failure to join indispensible parties.

This opinion is limited to the debtor's motion to dismiss. The merits of the case will be addressed in a later opinion, if the United States of America complies with this order.

## FINDINGS OF FACT

1.

The joinder of all the holders of Government National Mortgage Association (hereinafter "GNMA") securities issued by the debtor is not necessary for complete relief to be accorded to the present parties.

2.

The absence of the holders of all GNMA securities issued by the debtor will not, as a practical matter, impair or impede their ability to protect their interest in their right to payment under the securities issued by the debtor.

3.

The absence of the holders of all GNMA securities issued by the debtor will not expose any of the parties presently before the court to any risk of double, multiple, or otherwise inconsistent obligations.

4.

All of the rights the complaint seeks to enforce arose out of a contract between the debtor and GNMA.

5.

GNMA delivered a letter to the debtor on February 7, 1980 which purported to terminate the debtor's servicing and issuing contract with GNMA.

## CONCLUSIONS OF LAW

1.

*The holders of all of the GNMA securities assessed by the debtor are not indispensable parties.*

The debtor has argued that all of the holders of all of the GNMA securities issued by the debtor (hereinafter "the Certificate Holders") are indispensable parties to this adversary proceeding. The debtor bases this argument upon its contention that: (a) if the relief sought by the Govern-

ment is granted, the debtor "will be forced" to bring preference actions and post-petition transfer actions with respect to payments made to the Certificate Holders since November 1979; and (b) if such actions by the debtor are successful, the Certificate Holders would lose "millions of dollars for which no reimbursement would be available," because the Government guaranty of payment is not broad enough to cover the situation in which an otherwise proper and timely payment is later avoided by the operation of the Bankruptcy Code. Neither part of the debtor's argument is persuasive.

First, whether the plaintiff is granted relief from the stay to terminate its guaranty agreements with the debtor would have no effect upon the characterization of payments heretofore made by the debtor, and the debtor's threat to bring actions for recovery of such payments, in the event the relief sought by the Government is granted, is irrelevant to the issues raised in the debtor's motion to dismiss.

Second, the GNMA guaranty is broad enough by its own terms to require GNMA to reimburse any loss suffered by a Certificate Holder as a result of an issuer's timely and accurate payment being recovered by the debtor as a preferential transfer or avoidable post-petition transfer. The GNMA guaranty guarantees timely and accurate payment of all amounts due under the GNMA securities; there is no qualification to this guaranty, which guarantees complete payment. If a payment were to be later pulled back into the estate, there would be a failure to complete payment to the Certificate Holders, who would, therefore, have recourse against GNMA under the guaranty. *Perry v. Van Norden Trust Co.*, 118 A.D. 288, 103 N.Y.S. 543, 545; *Swarts v. Fourth National Bank*, 117 F. 1 (8th Cir. 1902). This interpretation of the guaranty agreements has been expressly admitted by the Government in its briefs submitted in opposition to debtor's motion to dismiss. Since the Certificate Holders would continue to have recourse against the only party liable to them for payment under the securities, their absence from this proceeding would not *as a practical matter*

impair or impede their ability to protect their interests in the payments under the securities.

2.

*The real party in interest is GNMA and not the United States of America.*

The debtor argues that the United States of America has no right to bring a proceeding to have the stay lifted so that the contract between GNMA and the debtor can be terminated. The debtor argues that its contract was with GNMA and not with the United States of America, and that all of the rights in the contract are bestowed on GNMA and not the United States of America.

The plaintiff argues that it has the right to bring this action in the name of the United States of America and that it is the real party in interest within the meaning of Bankruptcy Rule 717 and Federal Rule of Civil Procedure 17(a). The plaintiff contends that, despite the logic of the debtor's position, federal law gives the United States of America the right to bring this action.

Federal Rule of Civil Procedure 17 provides that the United States of America is the real party in interest "where a statute of the United States provides an action for the use and benefit of another shall be brought in the name of the United States." The plaintiff cites 28 U.S.C. § 451 as authority for its argument that it may bring this action in the name of the United States of America. The cited statute merely defines the term "agency" as used in Title 28 of the United States Code, and provides that the term "agency" includes any corporation in which the United States has an interest "unless the context shows that such term was intended to be used in a more limited sense." 28 U.S.C. § 451. This statute does not even address the issue of whether the United States of America can bring an action on behalf of GNMA. 28 U.S.C. § 451 is not the type of statute contemplated by Federal Rule of Civil Procedure 17 as authorizing the United States of America to bring an action in its own name.

This Court is, aware of cases that have held that, even when an agency might have proceeded in its own name, the United States may also be a real party in interest. The plaintiff has cited several such cases, placing particular emphasis upon *Cherry Cotton Mills v. United States*, 327 U.S. 536, 66 S.Ct. 729, 90 L.Ed. 835 (1945). This Court is of the opinion that *Cherry Cotton Mills* should be restricted to its own particular facts, which involved a claim brought against the United States by a petitioner in the Court of Claims. It was held that under a particular statute granting jurisdiction to the Court of Appeals to adjudicate such claims, the United States was permitted to assert a *counterclaim* on behalf of the Reconstruction Finance Corporation. The rationale for such an interpretation of the statute involved was that it "accomplishe[d] among other things such useful purposes as avoidance of 'circuity of action, inconvenience, expense, consumption of the courts' time, and injustice.'" *Cherry Cotton Mills, supra,* at 539, 66 S.Ct., at 730.

Here, it was GNMA that initiated this adversary proceeding and made the decision to sue in the name of the United States, rather than in its corporate name. Of course, a federal agency that lacks the capacity to sue must bring the action in the name of the United States. *U. S. v. Morrisdale Coal Co.* (D.C. Pa. 1942) 46 F.Supp. 356, affd. per. cur., 135 F.2d 921 (3rd Cir. 1943). Wright & Miller, Federal Practice and Procedure, Civil § 1562. But, by creating GNMA as a special purpose corporation to operate with broad and flexible powers in the mainstream of the competitive and free enterprise world of mortgage lending, without the cloak of federal sovereign immunity, and by expressly authorizing GNMA to sue in its own corporate name (12 U.S.C. § 1723a(a)) to enforce and defend its contract rights, Congress did not intend for GNMA to sue in the name of the United States whenever it finds the use of that august and supreme title beneficial. There is no indication that Congress intended to give to GNMA chameleon powers to at will convert itself to the United States of America to adapt to changed environments. Instead, undoubtedly Congress expected that GNMA should fly the same colors in the structured berth of the charted, familiar harbor of the federal courts as it is authorized to fly in the open, commercial seas for which it was chartered. This court will not permit the assumption of such an improper role as plaintiff. In the contempt proceeding in this court, and herein, GNMA has contended that it has ownership interests, and powers coupled with an interest, in (1) the 40 Guaranty Agreements, (2) in the mortgages in the 40 mortgage pools, and (3) in the custodial bank accounts of the debtor in the three line banks. The prayers for relief here present these substantial issues. It was GNMA, the corporate entity chartered by Congress, not the United States of America, which entered into these Guaranty Agreements with this Chapter 11 debtor. The contracting party, GNMA, is the only party which presently at least has any rights to enforce through this proceeding. The relief sought can be granted only to GNMA, not the United States of America. The issues raised in this proceeding arise from the commercial business conduct of this separate, independent federal corporate agency, GNMA, which is clearly not a federal instrumentality carrying out a purely governmental function. GNMA is not the United States, has not the sovereign immunity of the United States, possesses not the powers and defenses available to the United States in proceedings in this Court; the United States, therefore, is not the real party in interest (or any party in interest) in this proceeding.

This is an instance of a federal agency being over zealous in aggregating to itself the unwarranted, improper and unauthorized presence in this court proceeding of the protective title of the United States of America. Thus, under the circumstances of this case, and consistent with Rule 17(b) of the Federal Rules of Civil Procedure, which provides that "the capacity of a corporation to sue or be sued shall be determined by the law under which it was organized, this Court concludes that 28 U.S.C. § 1723a(a) requires that this proceeding be initiated in

the name of GNMA and not the United States of America. *See generally*, Wright & Miller, Federal Practice and Procedure: Civil § 1553.

■ However, this defect in the complaint is not grounds for dismissal. Federal Rule of Civil Procedure 17(a) provides that such a defect may be cured by substituting the real party in interest within a reasonable time. Accordingly, this court grants the United States of America twenty (20) days from the entry of this order to substitute GNMA as the plaintiff in this action. If such substitution has not been accomplished by an amendment to the complaint, which amendment is hereby expressly authorized by this order, the complaint shall be dismissed with prejudice as to both GNMA and the United States of America.

### 3.

*The complaint, but for the failure to name the real party in interest, does state a claim for relief.*

The debtor argues that the complaint fails to state a claim. The debtor reasons that since the complaint seeks relief from the stay so as to allow the United States to terminate its contracts with the debtor and recover its mortgages and related documents and since the United States has no interest in any of the debtor's mortgages and documents that no claim has been stated. This argument is merely a reassertion of the debtor's basic contention that the United States of America is not the real party in interest.

This defect will be cured when and if the United States amends its complaint by substituting GNMA as the plaintiff in this action. If this substitution is accomplished within twenty (20) days after the entry of this order, the debtor's motion to dismiss for failure to state a claim is denied. However, if the complaint is not amended, the debtor's motion is granted.