REINHARDT, Circuit Judge:
 

 Hawaiian Airlines appeals a ruling of the Bankruptcy Appellate Panel affirming a bankruptcy judge’s granting of a setoff to various agencies of the United States under 11 U.S.C. § 553 on the ground that the agencies constituted a- unitary creditor for purposes of the Bankruptcy Act. We affirm.
 

 I.
 

 On September 21, 1993, Hal, Inc., Hawaiian Airlines, Inc., and West Maui Airport, Inc., (collectively “Hawaiian Airlines”) filed a petition for reorganization pursuant to Chap-. ter 11 of The Bankruptcy Code. Prior to filing the petition, Hawaiian Airlines had been paying quarterly Air Transportation Excise Taxes to the Internal Revenue Service (“IRS”). An IRS audit determined that Hawaiian Airlines had overpaid its excise taxes by $215,000.
 

 During the reorganization proceedings, several federal agencies filed proofs of claim. The Federal Aviation Administration filed a claim for $94,500 for pre-petition civil penalty violations. The Defense Finance Accounting Service filed a claim for $51,121.80 for fuel owed to the Air Force. The National Finance Center filed a claim for reimbursable overtime expenses under 7 U.S.C. § 2260 for $61,628.97. The Immigration and Naturalization Service filed a claim for $299,375.47 for civil penalties and contract damages.
 

 Under the government’s proposal, the set-off would preclude Hawaiian Airlines from receiving the $215,000 back from the IRS, although that sum would be applied to reduce the company’s debts to the various government agencies.
 

 Hawaiian Airlines objected to the setoff on the ground that the various agencies of the federal government did not satisfy the mutuality requirement of § 553.
 
 [1]
 
 The bankruptcy court rejected this argument and granted the United States’ motion. It summarized its findings as follows:
 

 1. The United States and its agencies are treated as single entities for purposes of setoff, both outside of bankruptcy and by the Bankruptcy Code. Therefore, mutuality exists between the government agencies and Hawaiian Airlines.
 

 2. Bankruptcy courts have wide discretion to grant setoff, and may deny setoff if the party seeking setoff engaged in inequitable conduct.
 

 3. Setoff was proper because (a) the United Sates had not engaged in inequitable conduct; (b) the inherent unfairness to other unsecured creditors of allowing set-off does not mandate denial of setoff; (e) a mistaken overpayment of taxes does not warrant denial of setoff; and (d) setoff would lessen the eventual ownership interest of the United States in a corporation which it regulates extensively.
 

 The Bankruptcy Appellate Panel (BAP) affirmed. It relied on
 
 Doe v. United States,
 
 58 F.3d 494 (9th Cir.1995), in which we held that all agencies of the United States are treated as a single governmental unit for purposes of sovereign immunity and setoff under § 106 of the Bankruptcy Code. The, BAP concluded that our holding in
 
 Doe
 
 applies equally to the right to setoff preserved in § 553. The BAP also found that there were no principles of equity that prevented the United States from obtaining a setoff. Hawaiian Airlines appeal-
 

 The Bankruptcy Code does not create a right to setoff; it merely preserves the right already given in a nonbankruptcy context.
 
 Citizens Bank of Maryland v. Strumpf,
 
 — U.S. -, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995). If a party is
 
 generally
 
 entitled to setoff in the nonbankruptcy context, it is entitled to one under the Bankruptcy Code. The Supreme Court clearly adopted the unitary setoff rule for government agencies in the nonbankruptcy context in
 
 Cherry
 
 
 *853
 

 Cotton Mills v. United States,
 
 327 U.S. 536, 105 Ct.Cl. 824, 66 S.Ct. 729, 90 L.Ed. 835 (1946). There, it permitted money owed to a debtor in back taxes by the Department of the Treasury to be used to offset a defaulted loan owed by the debtor to the Reconstruction Finance Corporation.
 
 Id.
 
 at 538, 66 S.Ct. at 729. For purposes of setoff, the Court held that all agencies of the United States government are treated as one unit.
 
 Id.
 
 at 539, 66 S.Ct. at 730.
 

 In the present case, the BAP permitted setoff under § 553 which “does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the title against a claim of such creditor against the debtor that arose before the commencement of the case.” The term “creditor” as defined by § 101(10) is an “entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor.” 11 U.S.C. § 101(15). The BAP held that all agencies of the United States constitute a single “governmental unit” for purposes of setoff under § 553. A “governmental unit” is defined in the Bankruptcy Code as follows:
 

 United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in cause under this title), a State, a commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government;____
 

 11 U.S.C. § 101(27).
 

 We recently confronted the question of whether all of the agencies of the United States constitute a unitary government agency, or a “governmental unit” as defined in § 101(27), for purposes of setoff under § 106 of the Bankruptcy Code.
 
 [2]
 
 In
 
 Doe v. United States,
 
 58 F.3d 494 (9th Cir.1995), an informant sued the Federal Bureau of Investigation for breach of contract in failing to adhere to its agreement that Doe’s identity not be revealed and in tort for placing him and his family in danger.
 
 Id.
 
 at 495. During the bankruptcy proceedings, the IRS filed proofs of claim against Doe for over $750,000 in back taxes.
 
 Id.
 
 at 496. Doe then instituted an adversary proceeding to setoff any judgment on his debt owed to the IRS with any money he would get from the FBI in his tort suit. The United States asserted that a “ ‘governmental unit’ refers to the United States as whole and not to particular agencies.”
 
 Id.
 
 at 498. We took note of the fact that the United States often takes the same position when it seeks to be treated as a single creditor under § 553. We then held that “as a matter of law for purposes of waiver of sovereign immunity and setoff under 11 U.S.C. § 106, all agencies of the United States, except those acting in some distinctive private capacity, are a single governmental unit.”
 
 Id.
 
 That analysis is equally applicable here. We see no reason why a different rule should apply in § 553 cases than in those brought under § 106. Accordingly, we hold that for purposes of setoff under § 553, the agencies of the United States constitute a single “governmental unit,” as defined in § 101(27), and that the agencies of the United States were lawfully permitted a setoff in this ease.
 

 Hawaiian Airlines argues that
 
 Doe
 
 is not binding precedent because both Doe and the government agreed on the definition of “governmental unit.” We reject this contention. While it is true that both parties agreed on the definition, we carefully examined the issue and resolved it on the merits.
 
 Doe,
 
 58 F.3d at 498. As we held in
 
 Doe,
 
 “all agencies of the United States, except those acting in some distinctive private capacity, are a single governmental unit.”
 
 Id.; see also In re Osborne,
 
 76 F.3d 306, 309-11 (9th Cir.1996) (rejecting argument that we were not bound because the parties had agreed on part of the holding in case).
 

 
 *854
 
 Even if we were not bound by
 
 Doe,
 
 we would reach the same result. As the Supreme Court stated in
 
 Citizens Bank,
 
 the Bankruptcy Code preserves the rights possessed by parties outside of the bankruptcy context. Because the nonbankruptcy rule permits setoff of claims involving government agencies pursuant to a unitary principle, we must assume that Congress, in drafting the Bankruptcy Code, did not intend to adopt a contrary approach. While the language of § 101(27) may be ambiguous, it certainly does not demonstrate the clear Congressional intent we would require for such a drastic change in policy.
 

 We also note that the only other circuit to consider the question of interagency setoff under § 553 reached the same conclusion we reach. In
 
 Turner v. Small Business Administration,
 
 84 F.3d 1294 (10th Cir.1996) (en bane), the Small Business Administration sought a setoff, under § 553, of money owed to the debtors by the Department of Agriculture.
 
 Id.
 
 at 1295-96. In holding that “the United States is a unitary creditor for purpose of bankruptcy” and permitting setoff under § 553 among the agencies, the Tenth Circuit observed that the analysis in
 
 Doe,
 
 while directly addressing the issue of whether the United States was a unitary creditor under § 106, was clearly applicable for § 553 purposes as well.
 
 Id.
 
 at 1296. We find the Tenth Circuit’s reasoning irrefutable and adopt it here.
 

 III.
 

 Hawaiian Airlines also argues that even if setoff were lawfully permissible under the Bankruptcy Code, it is an equitable remedy that should not have been awarded to the United States. The decision to award setoff rests squarely within the discretion of the Bankruptcy Court.
 
 In re Cascade Roads,
 
 34 F.3d 756, 763 (9th Cir.1994). We have held that “[sjetoff will not be permitted when it would be inequitable or contrary to public policy to do so.”
 
 FDIC v. Bank of America Nat’l Trust and Savings,
 
 701 F.2d 831, 836 (9th Cir.1983). Hawaiian Airlines concedes that the United States did not engage in any inequitable conduct. It does argue, however, that the agencies negotiated with it as separate entities, and not as a single unit. That is not an argument addressed to any particular unfairness about the particular case. Rather it disputes the wisdom of the “single governmental unit” rule itself. Accordingly, we hold that the BAP did not abuse its discretion in awarding the equitable remedy of setoff to the various agencies of the United States.
 

 CONCLUSION
 

 The Bankruptcy Appellate Panel was correct in holding that the various agencies of the federal government constitute a single “governmental unit” for purposes of setoff under § 553 of the Bankruptcy Code. Setoff, which is an equitable remedy, was properly awarded in this case.
 

 AFFIRMED.
 

 [1]
 

 . 11 U.S.C. § 553 states in relevant part:
 

 (a) Except as otherwise provided in this section ... this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case,----
 

 [2]
 

 . 11 U.S.C. § 106 states in relevant part:
 

 Waiver of Sovereign Immunity
 

 (a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.
 

 (b) There shall be no offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.