In re Susan HUFF, Debtor.

Susan Huff, Movant,

v.

**United States Department of Agriculture, Rural Housing, Respondent.**

No. 04–10220.

United States Bankruptcy Court, W.D. Pennsylvania.

Dec. 7, 2004.

Lloyd E. Wilson II, Oil City, PA, for Debtor.

Paul E. Skirtich, Pittsburgh, PA, for Respondent.

## *OPINION*

WARREN W. BENTZ, Bankruptcy Judge.

Susan Huff ("Debtor") filed a voluntary Petition under Chapter 7 of the Bankruptcy Code on January 29, 2004. Debtor lists as personal property on Amended Schedule B an expected federal tax refund for the year 2003 in the amount of $2,000 (the "Refund") and also claims the Refund as exempt on Schedule C. Debtor lists the United States Department of Agriculture, Rural Housing ("USDA") on Schedule F as a general unsecured nonpriority creditor with a claim in the amount of $36,519.[1] The claim of the USDA arises from a deficiency on a mortgage loan from years earlier.

Before the Court is Debtor's MOTION FOR A RULE TO SHOW CAUSE. The Debtor seeks to block the USDA from making a setoff of the Refund against the Debtor's indebtedness to the USDA, an agency of the United States.[2]

## *Discussion*

■ Section 553 of the Bankruptcy Code addresses setoff in the bankruptcy context. It provides in relevant part:

Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case. . . .

11 U.S.C. § 553

The United States Supreme Court has noted that § 553 does not create a federal right of offset; it only preserves in bankruptcy whatever right otherwise exists. *Citizens Bank of Maryland v. Strumpf,* 516 U.S. 16, 18, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995). "The right of setoff (also called 'offset') allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *Id.* (quoting *Studley v. Boylston Nat'l Bank of Boston,* 229 U.S. 523, 528, 33 S.Ct. 806, 57 L.Ed. 1313 (1913)). Section 553 preserves the right of setoff where there are mutual, prepetition obligations owing between the debtor and the creditor and a right to setoff the obligations exists under nonbankruptcy law. *In re Holder,* 182 B.R. 770, 775 (Bankr. M.D.Tenn.1995).

*In re Bourne,* 262 B.R. 745, 748–49 (Bankr.E.D.Tenn.2001).

■ Debtor expects a refund of $2,368 for calendar year 2003 income taxes. She is indebted to the USDA in an amount far in excess of the expected refund and was so indebted on December 31, 2003, and prior thereto.

Outside of bankruptcy, the federal government is considered to be a single-entity that is entitled to set off one agency's debt to a party against that party's debt to another agency. *See Cherry Cotton Mills, Inc. v. United States,* 327 U.S. 536, 539–40, 105 Ct.Cl. 824, 66 S.Ct. 729, 90 L.Ed. 835 (1946); *In re Turner,* 84 F.3d 1294, 1296 (10th

---

**1.** The USDA states in its Response that the balance is $24,925.33.

**2.** Only the refund due for 2003 is at issue. The USDA does not dispute that Debtor will receive a discharge in this bankruptcy case from any remaining balance.

Cir.1996) (en banc). Federal courts of appeals that have reached the issue have applied the same single-entity rule in bankruptcy proceedings. *See In re Hal,* 122 F.3d 851, 853 (9th Cir.1997); *In re Turner,* 84 F.3d at 1296–97; *see also In re Chateaugay Corp.,* 94 F.3d 772, 778 (2d Cir.1996).

*U.S. v. Maxwell,* 157 F.3d 1099, 1101–02 (7th Cir.1998).

■ Thus, the obligations of the United States, Department of Treasury, Internal Revenue Service, to the Debtor and Debtor's obligation to the USDA are mutual.

■ Likewise, both obligations arose prepetition. Debtor's obligation to the USDA arose years earlier. The Debtor's tax refund claim arose on December 31, 2003, the last day of the tax year in question. *In re Glenn,* 207 B.R. 418, 421–22 (E.D.Pa.1997). This Court previously addressed this issue in *In re Haizlett,* 261 B.R. 393 (Bankr.W.D.Pa.2000) where, at page 395, we quoted from *Glenn* at 422:

> Finally, today's ruling establishes a bright-line test which can be easily applied. For the purposes of § 553 setoff, a tax refund arises at the end of the taxable year to which it relates, and not when the right of refund is claimed by the debtor/taxpayer. *In re Rozel [Industries, Inc.],* 120 B.R. [944] at 951 [(Bankr.N.D.Ill.1990)]. This rule prevents a debtor from changing his right to a tax refund into a post-petition claim merely by filing his federal income tax return after the filing of the bankruptcy case. (footnote omitted)

*In re Glenn,* 207 B.R. at 422.

■ "Because mutual, prepetition obligations between the Debtor and the United States have been established, it must be determined whether a right to setoff exists outside of bankruptcy ...." *In re Bourne,* 262 B.R. at 749.

As a general matter, 11 U.S.C. § 553 does not create a scheme of priority for the setoff rights it preserves, any more than it creates those rights themselves, *see Sisk v. Saugus Bank & Trust Co. (In re Saugus Gen. Hosp., Inc.),* 698 F.2d 42, 44 (1st Cir.1983). Setoff is a creature of the common law, and therefore in most cases a question of state law under *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Federal law, however, determines the rights and liabilities of the United States, as the Supreme Court held in *Clearfield Trust Co. v. United States,* 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838 (1943). If Congress enacts a statute, that statute governs. If Congress does not, the federal courts apply federal common law.

*In re Calore Express Co., Inc.,* 288 F.3d 22, 43 (1st Cir.2002).

In this case, Congress enacted a statute to provide for the collection of debts owed to Federal agencies through the interception of tax refunds.

> The tax intercept program was enacted as part of the Deficit Reduction Act of 1984 and includes two separately codified provisions, 26 U.S.C. § 6402(d) and 31 U.S.C. § 3720A, which are often referred to as a single statute. Section 6402(d) authorizes the Secretary of the Treasury to set off a tax refund against the taxpayer's debt to another Federal agency. Section 3720A provides the procedural framework for that setoff. In order to take part in the tax intercept program, an agency must comply with the terms of the statutory provisions as well as with regulations promulgated by the Secretary of the Treasury.

*In re Chateaugay Corp.,* 94 F.3d 772, 777–78 (2d Cir.1996) (footnotes omitted).

26 U.S.C. § 6402(d) provides in relevant part:

(d) Collection of debts owed to Federal agencies.—

(1) In general.—Upon receiving notice from any Federal agency that a named person owes a past-due legally enforceable debt...to such agency, the Secretary shall—

(A) reduce the amount of any overpayment payable to such person by the amount of such debt;

(B) pay the amount by which such overpayment is reduced under subparagraph (A) to such agency; and

(C) notify the person making such overpayment that such overpayment has been reduced by an amount necessary to satisfy such debt...

26 U.S.C. § 6402(d).

31 U.S.C. § 3720A provides in relevant part:

§ 3720A. Reduction of tax refund by amount of debt

(a) Any Federal agency that is owed by a person a post-due, legally enforceable debt ...shall...notify the Secretary of the Treasury at least once each year of the amount of such debt.

(b) No Federal agency may take action pursuant to subsection (a) with respect to any debt until such agency—

(1) notifies the person incurring such debt that such agency proposes to take action pursuant to such paragraph with respect to such debt;

(2) gives such person at least 60 days to present evidence that all or part of such debt is not past-due or not legally enforceable;

(3) considers any evidence presented by such person and determines that an amount of such debt is past due and legally enforceable...

31 U.S.C. § 3720A.

"The Act requires an agency to provide its debtor with notice and sixty days to respond in writing before submitting a request for offset to the Secretary of Treasury. 31 U.S.C. § 3720(A)(b)." *Gerrard v. U.S. Office of Education*, 656 F.Supp. 570, 572 (N.D.Ca.1987). The provision of notice to the obligor is a condition precedent to notifying the Secretary of the Treasury to make an offset from a tax refund. The purpose of the notice is to give the obligor an opportunity to contest the debt before the debt is referred to the Secretary of the Treasury.

The USDA mailed notice to the Debtor on October 7, 2000. When Debtor failed to respond to the notice, the USDA placed the account in the tax offset program by notifying the Secretary of the Treasury. On March 8, 2001, the USDA received the federal tax refund for tax year 2000 due the Debtor.

The USDA provided no further notice to the Debtor. The USDA continued to notify the Secretary of Treasury at least once each year of the amount of such debt and received tax refunds that were due the Debtor for the years 2001, 2002, and 2003. The USDA received the refund for 2003 after the filing of the within bankruptcy case.

Debtor posits that § 3720A requires that the USDA give the Debtor at least 60 days' notice once a year prior to notifying the Secretary of the Treasury of the amount of the debt; that such notice is a condition precedent to an annual offset and that the USDA is not entitled to retain the offset from Debtor's income tax refund for tax year 2003 since Debtor was not provided prior notice.

The USDA posits that notice under § 3720A(b)(2) is only required once and that the notice given to the Debtor on October 7, 2000 complies with the notice requirement, therefore allowing the USDA to make annual offsets without providing

the Debtor with additional notice of intent or opportunity to take any of the available actions to contest the offset.

We note that in at least one case which involved the Department of Education's use of the tax offset program, it found it appropriate to give the obligor an annual notice:

> In this case, the Department sent form notices to the plaintiff on September 13, 1989, for the 1990 refund offset and on September 11, 1991, for the 1992 refund offset. · These notices fully disclosed that any requests for documents must be submitted in writing within twenty days and that any objections must be submitted in writing within sixty-five days.

*Bolden v. Equifax Accounts Receivable Services,* 838 F.Supp. 507 (D.Kan.1993).

Nothing in § 3720A would indicate that an agency could give one notice and forever thereafter be entitled to intercept all tax refunds.

Also, each year may be different. A refund intercept which is appropriate in one year might be inappropriate the next year.

Our view is that Congress, in enacting § 3720A, meant for an obligor to receive notice of a proposed tax offset each year and that such person would have 60 days each year to contest the setoff prior to a Federal agency making its annual notification to the Secretary of Treasury.

The USDA will be directed to refund to the Debtor her income tax refund in the amount of $2,368 for tax year 2003. An appropriate Order will be entered.

### ORDER

This 7 day of December, 2004, in accordance with the accompanying Opinion, it shall be, and hereby is, ORDERED as follows:

1. The United States Department of Agriculture, Rural Housing Service ("USDA") is directed to return to the Debtor her federal income tax refund for tax year 2003 in the amount of $2,368.

2. Upon receipt of an Order of Discharge in the within bankruptcy case, Debtor will be discharged of any remaining liability to the USDA.