**Patricia GAVIN, et al., Plaintiffs,**

v.

**UNITED STATES, Defendant.**

No. 08–53C.

United States Court of Federal Claims.

May 27, 2008.

Patricia Gavin, Addison, TX, pro se.

Sean M. Dunn, Civil Division, U.S. Department of Justice, Washington, D.C., for defendant. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeane E. Davidson, Director, and Kirk Manhardt, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C.

### OPINION AND ORDER

CHARLES F. LETTOW, Judge.

The plaintiff, Patricia Gavin, seeks a protective order to prohibit use of sealed records from a prior lawsuit filed in this court in subsequent litigation in a Texas court. She also seeks sanctions and damages against three individual persons involved in the Texas litigation for the alleged unauthorized use

---

of the sealed records. The government has moved to dismiss Ms. Gavin's complaint pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") for lack of subject matter jurisdiction.

## BACKGROUND

Ms. Gavin's complaint relates to records from a previous case filed in this court, *Gavin v. United States*, No. 98–550C, in which this court sealed the record and eventually dismissed the case. *Gavin v. United States*, 47 Fed.Cl. 486, 493 (2000). Ms. Gavin alleges that two of the three individuals allegedly involved stole those records from storage at a former residence of one of the alleged thieves in Grapevine, Texas. Compl. at 2, 19.

Ms. Gavin alleges, among other things, that the stolen files included her medical and employment records, Compl. at 20, and that those files were used against her in a custody hearing. *Id.* at 8. Ms. Gavin seeks a protective order to prevent further use of these materials in the appeal of a final order in that custody dispute, *id.* at 24, and requests relief bearing on the custody-dispute final order by obtaining an order from this court that would support a motion to vacate that decision. *Id.* at 26. Ms. Gavin also requests a protective order to prevent the use of the records in a separate custody case and in a real estate dispute, both of which further cases are pending in different Texas courts. *Id.* at 24. Ms. Gavin also seeks sanctions and damages against the three persons relating to the alleged unauthorized use of her records. *Id.* at 25.

## JURISDICTION

As a plaintiff, Ms. Gavin bears the burden of proving that the court has jurisdiction to consider her claims. *See McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). In determining whether jurisdiction exists, federal courts must accept as true the facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *See Henke v. United States*, 60 F.3d 795, 797 (Fed.Cir.1995); *see also Hamlet v. United States*, 873 F.2d 1414, 1415–16 (Fed.Cir. 1989).

*Pro se* claimants are held to a less stringent standard in pleading than that which is applied to formal pleadings prepared by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Nonetheless, subject matter jurisdiction must be distinctly and affirmatively pled in the complaint. *See Norton v. Larney*, 266 U.S. 511, 515–16, 45 S.Ct. 145, 69 L.Ed. 413 (1925); *Henke* 60 F.3d at 799.

The Tucker Act grants the Court of Federal Claims "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act itself, however, does not confer on a plaintiff a right to recovery. *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). The plaintiff must also identify a substantive right that is enforceable against the United States for money damages. *United States v. Mitchell*, 463 U.S. 206, 216–18, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). To establish such a right, the plaintiff must also identify a substantive claim that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *Id.*, 463 U.S. at 217, 103 S.Ct. 2961 (citing *Testan*, 424 U.S. at 400, 96 S.Ct. 948).

Ms. Gavin's complaint does not identify or cite a money-mandating Constitutional provision, federal statute, or federal regulation under which this court may exercise jurisdiction. Although her complaint cites 29 U.S.C. § 109, which relates to restraining orders or injunctions granted in labor disputes, *see* Compl. at 21, this statute does not obligate the government to pay money damages and therefore is not a source of jurisdiction for this court. *See Mitchell*, 463 U.S. at 217, 103 S.Ct. 2961.

Moreover, the relief requested would not operate against the United States or any of its agents. The complaint requests sanctions

and damages against three persons who were not party to the prior litigation before this court. Compl. at 25. Ms. Gavin also requests that the court issue protective orders that would affect matters before courts in Texas, *id.* at 24, related to the unauthorized use of files by individuals. *See id.* at 3, 6, 8, 10–13. This court lacks jurisdiction to hear claims against individuals, *see Brown v. United States,* 105 F.3d 621, 624 (Fed.Cir.1997), except with relation to setoffs and counterclaims made by the government, *see* 28 U.S.C. §§ 1503, 2508; *Cherry Cotton Mills v. United States,* 327 U.S. 536, 539, 105 Ct.Cl. 824, 66 S.Ct. 729, 90 L.Ed. 835 (1946), and failure to comply with subpoenas and breach of discovery and protective orders issued by this court. *See Pacific Gas & Elec. Co. v. United States,* 79 Fed.Cl. 744, 746 (Fed.Cl. 2007). Because the persons who allegedly stole the files and used them without authorization were not subject to this court's prior protective order or otherwise involved as parties in the prior litigation before this court, subject matter jurisdiction does not exist over Ms. Gavin's claim.

## CONCLUSION

Therefore, the government's motion to dismiss is GRANTED, and this case shall be dismissed for lack of subject matter jurisdiction. The Clerk shall enter judgment accordingly. No costs.

IT IS SO **ORDERED.**