**In re Kendra Lea MILLER, Debtor.**

**Kendra Lea Miller, Plaintiff,**

v.

**United States of America, acting through Rural Development Rural Housing Service, successor in interest to the United States Department of Agriculture, Defendant.**

**Bankruptcy No. 08–11097–7.**
**Adversary No. 08–118.**

United States Bankruptcy Court,
W.D. Wisconsin.

July 8, 2009.

Eric L. Crandall, Crandall Law Offices, S.C., New Richmond, WI, for Plaintiff.

Richard D. Humphrey, Asst. U.S. Atty., Madison, WI, for Defendant.

## ORDER

THOMAS S. UTSCHIG, Bankruptcy Judge.

The Court conducted a telephonic hearing in this adversary proceeding on June 29, 2009, on the (i) complaint, and (ii) plaintiff's motion for summary judgment. The plaintiff was represented by Eric L. Crandall, while Assistant United States Attorney Richard D. Humphrey appeared on behalf of the defendant.

The plaintiff believes that the defendant violated the automatic stay by wrongfully seizing her federal income tax refund after she filed bankruptcy. In this adversary proceeding, she seeks to recover the amount of the refund, together with actual damages, costs, and attorney's fees under 11 U.S.C. § 362(h) for the defendant's willful and continuous violation of the stay. The defendant contends that it had the right to set off the plaintiff's refund (or "tax overpayment") under 11 U.S.C. § 553, and that its conduct at most amounts to a "technical" violation of the stay rather than one which warrants the imposition of damages.

The essential facts are these. The defendant guaranteed a residential mortgage for the plaintiff. When the plaintiff defaulted on the mortgage, the bank foreclosed on the property and sold it. After the sale, there was a deficiency of some $27,000, which the bank presented to the defendant pursuant to the guaranty. The defendant paid the claim and thereafter sought payment of the deficiency from the plaintiff. As part of its collection efforts, the defendant informed the plaintiff that the debt would be certified to the Secre-

tary of the Treasury in accordance with the Treasury Offset Program. *See* 31 U.S.C. § 3720A and 26 U.S.C. § 6402(d). Under these statutory provisions, any federal agency may seek to apply a debtor's tax refund to an unpaid debt. When she did not contest the certification within the statutory notice period, the defendant notified the Treasury Department of its claim. The plaintiff filed bankruptcy on March 11, 2008, and she was subsequently advised by the Treasury Department that her tax refund of $1,393.00 had been applied to the defendant's claim.

Notably, the plaintiff does not contend that the defendant acted inappropriately by seeking to offset her tax refund against its deficiency claim, or that it failed to meet the notice requirements of the statute. Instead, she argues that the defendant received notice of her bankruptcy petition and knew that the automatic stay had been imposed. After being advised that the refund had been applied to the defendant's claim, the plaintiff demanded turnover of the funds and contended that the defendant had violated the automatic stay. When the defendant did not turn over the money, she filed this adversary proceeding. Her principal arguments are that after she filed bankruptcy and claimed the refund amount as exempt, the defendant did not have the right to exercise a setoff against the tax refund, and that it willfully engaged in a continuous violation of the automatic stay, thus justifying an award of fees and costs under § 362(h).

█ The threshold inquiry is the extent of the defendant's setoff rights. While § 553 does not create a federal right of setoff, it does preserve whatever setoff rights otherwise exist. *See Citizens Bank v. Strumpf,* 516 U.S. 16, 18, 116 S.Ct. 286, 289, 133 L.Ed.2d 258 (1995); *Turner v. SBA (In re Turner),* 84 F.3d 1294, 1297 (10th Cir.1996). As the Tenth Circuit indicated in *Turner,* and as the Seventh Cir-

cuit confirmed in *United States v. Maxwell,* 157 F.3d 1099 (7th Cir.1998), outside the bankruptcy forum there appears little debate that the United States is considered a "unitary" creditor, and that agencies of the United States government may set off debts owed by one agency against claims that another agency has against the same debtor. *Maxwell,* 157 F.3d at 1102; *Turner,* 84 F.3d at 1296; *see also* 31 U.S.C. §§ 3716 and 3720; *Cherry Cotton Mills, Inc. v. United States,* 327 U.S. 536, 539–40, 105 Ct.Cl. 824, 66 S.Ct. 729, 90 L.Ed. 835 (1946); *Hal, Inc. v. United States (In re Hal, Inc.),* 122 F.3d 851, 853 (9th Cir.1997). As the Seventh Circuit put it, the bankruptcy code does not recognize an exception to the setoff rules for purportedly "pervasive" creditors with claims against many debtors, and the United States government "suffers no special handicap under § 553 of the Bankruptcy Code." *Maxwell,* 157 F.3d at 1103.

The plaintiff nonetheless believes that the government's setoff rights are trumped by her exemption claim. When she filed her petition, she listed her tax refund as an asset and claimed it as exempt. She points out that under § 522(c), property which is claimed as exempt is no longer "liable" for debts which arose prior to the commencement of the case, other than those specifically listed in various subsections. Section 553 is conspicuously absent from the list, and the plaintiff believes that this means that § 522(c) trumps § 553 and makes setoff rights subordinate to an uncontested exemption claim. She cites a number of cases, periodically described as the "majority" view, which ascribe to this interpretation of the interplay between the two sections. *See, e.g., Alexander v. Commission, IRS (In re Alexander),* 225 B.R. 145 (Bankr.W.D.Ky.1998); *In re Wilde,* 85 B.R. 147 (Bankr.D.N.M. 1988); *In re Cole,* 104 B.R. 736 (Bankr.

D.Md.1989); *In re Swickard*, 133 B.R. 902 (Bankr.S.D.Ohio 1991).

In response, the defendant notes that this "majority" position has eroded in recent years, and that a number of courts have adopted the contrary perspective. In this Court's view, the "majority" approach seems to suggest that § 522(c) places a limitation upon a creditor's setoff rights. This would appear contradictory to the Seventh Circuit's observation that "[t]he Bankruptcy Code neither expands nor constricts the common law right of setoff," *see Maxwell*, 157 F.3d at 1102, as well as the language of § 553(a), which provides that "this title does not affect *any* right of a creditor to offset a mutual debt," other than in specific situations not relevant to this case. Both § 553(a) and *Maxwell* speak broadly of how the entirety of Title 11 of the United States Code essentially has no impact upon a creditor's pre-existing right to setoff. As noted in *Maxwell*, the circumstances under which setoff might be equitably denied are essentially limited to situations involving fraud, collusion, or the like. 157 F.2d at 1100. Despite this, the cases which have considered the debtor's right to exempt property as paramount to a creditor's right of setoff often focus on concerns that allowing setoff rights would "nullify" § 522(c), or they articulate a hope that the debtor's "fresh start" will be furthered if the creditor is precluded from asserting a setoff claim. *See, e.g., United States v. Jones (In re Jones)*, 230 B.R. 875 (M.D.Ala.1999).

■ However, in the recent case of *In re Kadrmas*, 2000 WL 33364195 (Bankr. W.D.Wis.), the court rejected the majority viewpoint, pointing out that § 542(b) enables a creditor "who has a valid right of setoff to retain the property, regardless of its exempt status." *Id.* at *4. Likewise, in *Wiegand v. Tahquamenon Area Credit Union (In re Wiegand)*, 199 B.R. 639 (W.D.Mich.1996), the court rejected concerns that allowing setoff rights against exempt property would somehow nullify § 522(c), and stated that:

> Only creditors who possess a valid setoff right can offset their obligation with a debtor's exempt property. Under 11 U.S.C. § 522, debtors can still exempt property from the reach of *all other creditors possessing pre-petition claims. [Emphasis added].*

*Id.* at 642. And finally, in perhaps the most recent statement on the issue, the Ninth Circuit BAP recently ruled that "to give Debtor's exemption in his claim to the tax refunds precedence over § 553 would be to ignore the plain language of § 553." *United States v. Gould (In re Gould)*, 401 B.R. 415, 428 (9th Cir. BAP 2009). This Court can find no basis for interpreting § 553 in any other manner than is clear from the face of the statute: namely, that a creditor's right to offset a mutual debt is not affected by other provisions of the bankruptcy code, except in certain rare instances which do not apply to this case. Accordingly, the defendant is entitled to exercise whatever setoff rights it possessed prior to the bankruptcy notwithstanding the fact that the debtor claimed the property otherwise subject to setoff as exempt.

■ The only remaining issue is whether the defendant violated the automatic stay by attempting to set off the funds or by holding the funds despite the debtor's demand for turnover. The defendant suggests that it may have committed a "technical" violation of the stay, but that it should not be punished for the violation since it had valid setoff rights against the debtor's tax refund. In *Wiegand*, the court noted that setoffs in bankruptcy have been generally favored, and that the primary purpose of a bankruptcy filing is to obtain a discharge that will prohibit post-bankruptcy debt collection. In a set-

off context, the creditor does not "collect" its debt; instead, it merely offsets its obligation to the debtor against the obligation owed by the debtor. The primary purpose of the bankruptcy discharge "is not disserved" by this procedure. 199 B.R. at 641–42.

This Court is cognizant of the fact that the automatic stay is an important component of the bankruptcy process, and that creditors are appropriately held accountable for violations of the stay, especially when they somehow detrimentally impact the debtor's rights. However, as a legal matter the debtor's right to a fresh start does not include a right to bar the United States from exercising its right to setoff. *In re Pleasant*, 320 B.R. 889 (Bankr. N.D.Ill.2004). While she would have liked to use the money for living expenses, it is unclear how the debtor suffered actual harm as a result of the defendant's actions. The Court concludes that under the circumstances, the defendant did not wilfully violate the automatic stay, and the debtor did not suffer compensable damages as a result of the defendant's retention of the funds which it was entitled to set off against its claim.

Accordingly,

IT IS ORDERED that the plaintiff's motion for summary judgment is denied, and the defendant's request for judgment in its favor is granted.