Section 1320b-17 allows but does not require SSA to withhold the maximum amount of current benefits under one Social Security program to recover a past overpayment under another Social Security program, even where the overpayment arose from the recipient's fraud. For that reason "SSA's withholding of Thigpen's OASDI benefits to recover its prior SSI overpayments is a setoff not a recoupment, and therefore that SSA's withholding is not exempt from the automatic stay." Thigpen , 590 B.R. at 818.
Setoff in Bankruptcy
The right of setoff is of equitable origin, designed to facilitate the adjustment of mutual debts. The Bankruptcy Code does not create a federal setoff right. It provides, however, that "this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor ..." 11 U.S.C. § 553(a). The Supreme Court has held that "any right of setoff that a creditor possessed prior to the debtor's bankruptcy filing is not affected by the Bankruptcy Code." Citizens Bank of Md. , 516 U.S. at 20, 116 S.Ct. 286. Generally, Bankruptcy Code Section 506(a) provides that a creditor holding a valid right of setoff is to be treated as the holder of a secured claim to the extent of the amount subject to setoff. A creditor asserting the right to set-off in bankruptcy must establish that (1) it has a right of setoff under nonbankruptcy law and (2) this right should be preserved in bankruptcy under the Bankruptcy Code's setoff provision. However, trial courts have discretion to allow or disallow setoff. In re Faasoa , 576 B.R. 631, 638 (Bankr. S.D. California 2017). "Setoff will not be permitted when it would be inequitable or contrary to public policy to do so." In re Hal, Inc. , 122 F.3d 851, 854 (9th Cir. 1997).
The Bankruptcy Code recognizes the right to setoff where:
*26 (a) the creditor holds a claim against the debtor that arose before the commencement of the case;
(b) the creditor owes a debt to the debtor that arose before the commencement of the case;
(c) the claim and debt are mutual; and
(d) the claim and debt are valid and enforceable.
11 U.S.C. § 553(a).
The SSA's claim arose in 2009 when the restitution provision was included in the judgment order resolving the criminal case; its claim arose pre-petition. The SSA owed the Debtor OASDI benefits before the bankruptcy case was filed; the SSA owed the Debtor benefits pre-petition.
The Bankruptcy Code does not define what mutuality means in the context of setoff of debts. That requirement mandates that the parties' claims be between the same parties and that they act in the same capacity. A claim against a bankrupt as an administratrix can not be set off against a debt owing to the bankrupt as an individual. Allegaert v. Perot , 466 F.Supp. 516, 518 (S.D.N.Y. 1978). A claim against a creditor for damages to property belonging to the debtor's assignee cannot be set off against the creditor's claim against the bankrupt estate. Id. Although the parties' claims arose under different programs, they are mutual as they arose between the same parties - the SSA and the Debtor, and in the same capacities, in that neither acted as a representative of others when the debts were incurred.
The debts are enforceable.
The Bankruptcy Code also requires that the obligations be owed in the same right, i.e., that joint obligations are not subject to setoff against separate debts.
Until February 2017, the SSA paid the Debtor OASDI benefits for several years without deducting amounts pursuant to the restitution order for the SSI overpayment. U.S. Memorandum in Support of Motion to Confirm that the Automatic Stay Does Not Apply to Recoupment, etc. (Docket 12, p. 3). This delay may justify a finding of laches.
Lack of Pre-Confirmation Objection
Where a creditor receives notice of the filing and contents of a debtor's chapter 13 plan, such notice satisfies the creditor's due process rights and the bankruptcy court's confirmation order binds the creditor who does not object pre-confirmation. United Student Aid Funds, Inc. v. Espinosa , 559 U.S. 260, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010).
Bankruptcy Rule 3015(f) provides:
An objection to confirmation of a plan shall be filed and served on the debtor, the trustee, and any other entity designated by the court, and shall be transmitted to the United States trustee, at least seven days before the date set for the hearing on confirmation, unless the court orders otherwise. An objection to confirmation is governed by Rule 9014. If no objection is timely filed, the court may determine that the plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues.
Federal Rule of Bankruptcy Procedure 3015(f).
On April 12, 2017, the SSA filed a Motion to Confirm that the Automatic Stay Does Not Apply to Recoupment or, Alternatively, for Relief from the Automatic Stay as a Setoff to its non-dischargeable debt against the Debtor. The District Court has ruled that recoupment does not lie herein.[1]
*27 The Debtor filed his Plan the next day, April 13, 2017. Docket 13. A modified plan was filed on May 10, 2017. Docket 22.
The Debtor's Modified Plan proposed to pay the SSA 17.5% of its allowed amount, for a total of $ 6000 as a specially classified unsecured claim due to the restitution order. Modified Plan, Docket 22, Section E 7, page 3. The SSA did not object to the plan as allowed by Section 1324(a) of the Bankruptcy Code : "A party in interest may object to confirmation of the plan." It was understandably arguing that the automatic stay did not stay its recoupment obligation. However, the District Court has dispensed with that position, finding that recoupment does not lie herein.
Conclusion
The automatic stay will not be lifted. The movant has not shown that the Debtor lacks equity in the property in issue, his SSA benefit, nor has it shown that the property interest is not necessary to an effective reorganization. The SSA is protected while the monthly payments are being made toward the Debtor's non-dischargeable debt.
The court finds that it would be inequitable to now modify the automatic stay when the government could have sought 100% of the Debtor's future benefits at the 2009 sentencing on the criminal charge or pre-confirmation.
In the exercise of its discretion, the court denies the Motion for Relief from the Automatic Stay.

A different District Judge has ruled that recoupment is not available in a similar situation. See United States of America v. Johnson (In re Johnson) , 586 B.R. 449 (N.D. Ill. 2018).